1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TARA BENNETT, DAVID GARCIA, and
EDWARD POLHILL, individually and on
behalf of all others similarly situated,

                              Plaintiffs,

       v.

T-MOBILE USA, INC.,

                             Defendant.

CASE NO. 2:22-cv-01805-LK

ORDER GRANTING MOTION TO
COMPEL DISCOVERY AND
DEFERRING RULING ON
MOTION TO COMPEL
ARBITRATION AND STAY CASE

       This matter comes before the Court on Defendant T-Mobile USA, Inc.'s Motion to Compel Arbitration or Disclosure of Identifying Information, and Stay Case. Dkt. No. 14. Plaintiffs Tara Bennett, David Garcia, and Edward Polhill oppose the motion. Dkt. No. 20. For the reasons stated herein, the Court defers ruling on the portion of T-Mobile's motion seeking to compel arbitration and grants the portion of its motion seeking to compel discovery.[1]

---

[1] Because the Court can decide the matter based on the parties' filings, it denies T-Mobile's request for oral argument.

ORDER GRANTING MOTION TO COMPEL DISCOVERY AND DEFERRING RULING ON MOTION TO COMPEL ARBITRATION AND STAY CASE - 1

## I.   BACKGROUND

1

2         Plaintiffs are current and former customers of T-Mobile seeking relief "on behalf of all T-

3   Mobile customers [who] have been the victim of SIM swap fraud." Dkt. No. 1 at 1, 5. A SIM-

4   swap is a form of "account takeover fraud" whereby a third party "is allowed to transfer access to

5   a customer's wireless phone number from the customer's registered 'subscriber identity module'

6   card (or 'SIM card') to a SIM card controlled by the third party." *Id.* at 3 (footnote omitted); *see*

7   *id.* at 11–12. As a result of T-Mobile's alleged failure to prevent third parties from gaining access

8   to customer information in this fashion, Plaintiffs allege that they "have lost millions of dollars"

9   and that "T-Mobile customers continue to suffer repeated instances of identity theft." *Id.* at 2; *see*

10  *also id.* at 4, 18–21. Thus, on behalf of themselves and the putative class, Plaintiffs assert six causes

11  of action under federal statute and state common law and request monetary, injunctive, and

12  declaratory relief, including a judgment declaring that T-Mobile's arbitration clause is

13  unenforceable. *Id.* at 26–44.[2]

14        On February 16, 2023, T-Mobile moved to compel arbitration of Plaintiffs' claims and to

15  stay the action. Dkt. No. 14 at 8. In support of its motion, T-Mobile states that it has been able to

16  confirm Polhill's identity and account information, but lacks the necessary information to confirm

17  Bennett's and Garcia's identities as T-Mobile customers in order to locate their specific arbitration

18  agreements. *Id.* at 9 & n.2. Accordingly, although T-Mobile argues that Polhill is required to

19  arbitrate his claims against T-Mobile pursuant to applicable terms and conditions, *id.* at 9–26, it

20  acknowledges that it has not been able to locate the latter two Plaintiffs' "account information[]"

21

22  [2] Plaintiffs' six causes of action are as follows: (1) declaratory relief under the Declaratory Judgment Act, 28
23  U.S.C. § 2201, as to the validity of T-Mobile's arbitration agreement, Dkt. No. 1 at 26–28; (2) violations of the Federal
    Communications Act, 47 U.S.C. § 151 *et seq.*, and its corresponding regulations, Dkt. No. 1 at 28–33; (3) negligence,
    *id.* at 33–36; (4) negligent hiring, retention, and supervision, *id.* at 36–38; (5) breach of contract and the implied
24  covenant of good faith and fair dealing, *id.* at 38–40; and (6) violations of the Computer Fraud and Abuse Act, 18
    U.S.C. § 1030, Dkt. No. 1 at 40–41.

ORDER GRANTING MOTION TO COMPEL DISCOVERY AND DEFERRING RULING ON MOTION TO
COMPEL ARBITRATION AND STAY CASE - 2

sufficient to allow it to identify the specific arbitration agreements they entered into," *id.* at 26; *see* Dkt. No. 16 at 1–2. Therefore, T-Mobile asks that the Court either compel Bennett and Garcia to arbitrate their claims for the same reasons as Polhill, or in the alternative, compel Bennett and Garcia to provide it with identifying information such as their billing account numbers or their telephone numbers. Dkt. No. 14 at 26; *see also* Dkt. No. 21 at 6, 17.

Plaintiffs oppose T-Mobile's motion in its entirety. *See generally* Dkt. No. 20. With respect to T-Mobile's request for Bennett and Garcia's identifying information, Plaintiffs argue they do not oppose T-Mobile's request "[b]ut that discovery should be mutual because a party opposing a motion to compel arbitration is allowed to conduct discovery relevant to the issue[s of] contract formation and unconscionability." *Id.* at 6 (asking the Court to "order the parties to meet and confer regarding a mutual exchange of information related [to] the formation, enforceability, and procedural or substantive unconscionability of agreements between T-Mobile and the Named Plaintiffs.").

## II.   DISCUSSION

Under the Federal Arbitration Act ("FAA"), "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition" the district court for "an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The FAA further provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]" *Id.* § 2. This provision reflects "both a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (cleaned up). As relevant here, the FAA also allows for discovery "in connection with a motion to compel arbitration" if "'the making of the arbitration

agreement or the failure, neglect, or refusal to perform the same be in issue.'" *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (quoting 9 U.S.C. § 4).

T-Mobile asserts that all three Plaintiffs agreed to terms and conditions included as part of its services, and that it is likely that Bennett and Garcia agreed to the same terms and conditions as Polhill. Dkt. No. 21 at 17. The Court finds that T-Mobile is entitled to discovery on this threshold subject, as it bears directly upon the formation of any arbitration agreement and connects to its motion to compel. *See I.C. by and Through Chaudhri v. Zynga Inc.*, No. 20-CV-01539-YGR, 2021 WL 51718, at *2 (N.D. Cal. Jan. 6, 2021). And for the sake of judicial efficiency, *see* Fed. R. Civ. P. 1, the Court will defer ruling on T-Mobile's arguments to compel arbitration until such discovery is conducted. Further, the Court denies Plaintiffs' request for an order directing the parties to meet and confer "regarding a mutual exchange of information." Dkt. No. 20 at 6. Notwithstanding the impropriety of requesting affirmative relief in a responsive brief, *see* Fed. R. Civ. P. 7(b); *Meghinasso v. Mercedes-Benz USA*, No. C17-5930-LK, 2022 WL 226078, at *1 (W.D. Wash. Jan. 26, 2022), Plaintiffs articulate no specific basis regarding why such discovery is necessary or warranted.

### III.    CONCLUSION

For the foregoing reasons, the Court defers ruling on the portion of T-Mobile's motion seeking to compel arbitration and to stay the case and grants the portion of its motion seeking to compel discovery. Dkt. No. 14. Plaintiffs are hereby ORDERED to provide T-Mobile with the billing account number(s) and telephone number(s) for Tara Bennett and David Garcia within seven days of this Order.

Within 21 days of the date of this Order, T-Mobile shall submit a supplemental brief of no more than 2,100 words addressing any purported agreements specific to Bennett and Garcia that are relevant to its motion to compel arbitration and stay the case. Within five days of T-Mobile's

submission of its supplemental brief, Plaintiffs may submit an optional response brief of no more than 2,100 words addressing T-Mobile's supplemental brief. Should the Court require a reply brief, it will order one.

Dated this 11th day of May, 2023.

Lauren King
United States District Judge