The Honorable Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TARA BENNETT, DAVID GARCIA, AND EDWARD POLHILL, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>     Defendant. | No. 2:22-cv-01805-LK<br><br>Class Action<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION** |

SUPPLEMENTAL OPPOSITION TO
MOTION TO COMPEL ARBITRATION
(2:22-cv-01805-LK)

HERMAN JONES LLP
15113 Washington Ave. NE
Bainbridge Island, WA 98110
Tel: 206-819-0821

## **TABLE OF CONTENTS**

I.  INTRODUCTION .................................................................................................... 3

II.  ARGUMENT .......................................................................................................... 3

    A.  The Court decides the unconscionability and scope of the arbitration clause ............................................................................................................. 3

    B.  The arbitration clause cited for Ms. Bennett is unconscionable. ............... 5

    C.  The arbitration clause in the T-Mobile T&Cs does not cover Ms. Bennett's claims. .......................................................................................... 6

    D.  By participating in a judicial proceeding on a class-wide basis, T-Mobile waived its right to enforce the arbitration clause. ..................................... 8

III.  CONCLUSION ...................................................................................................... 8

SUPPLEMENTAL OPPOSITION TO
MOTION TO COMPEL ARBITRATION
(2:22-cv-01805-LK)

2

HERMAN JONES LLP
15113 Washington Ave. NE
Bainbridge Island, WA 98110
Tel: 206-819-0821

**I.     INTRODUCTION**

Applying New York law for Ms. Bennett leads to the same conclusion as for Mr. Polhill, Defendant's arbitration clause should not be enforced and is unconscionable. For the reasons set forth in Plaintiffs' Opposition brief (ECF No. 20 ("Opp.")) and for the reasons set forth below, the Court should deny Defendant T-Mobile USA, Inc.'s ("T-Mobile") motion to compel arbitration.

**II.    ARGUMENT**

   **A.     The Court decides the unconscionability and scope of the arbitration clause.**

The threshold issue of whether a contract was formed may never be delegated to an arbitrator. This issue is governed by federal law, not the state law cited by T-Mobile. *See Brennan v. Opus Bank*, 796 F.3d 1125, 1129 (9th Cir. 2015) (holding that, where an agreement is governed by the Federal Arbitration Act, "federal law governs the arbitrability question by default . . ."). Under federal law, the question of who decides arbitrability is for the court "unless the parties *clearly and unmistakably*" agreed otherwise. *Goldman Sachs & Co. v. City of Reno*, 747 F.3d 733, 738 (9th Cir. 2014). Whether there is a "clear and unmistakable" delegation of arbitrability should be informed by the perspective of the parties. "What might be clear to sophisticated counterparties is not necessarily clear to less sophisticated employees or consumers." *Mohamed v. Uber Techs., Inc.*, 109 F. Supp. 3d 1185, 1202 n.16 (N.D. Cal. 2015), *aff'd in part, rev'd in part*, 848 F.3d 1201 (9th Cir. 2016). "Thus, 'there is a presumption that courts will decide which issues are arbitrable.'" *Goldman Sachs*, 747 F.3d at 738.

Here, T-Mobile cannot overcome the presumption that the Court considers the unconscionability and scope of the arbitration clause Defendant seeks to enforce against Ms. Bennett. T-Mobile is a sophisticated corporation. It could have drafted a delegation clause in the T-Mobile T&Cs. But it chose to leave it out. As a result of its own drafting decision, T-Mobile now seeks to write-in a delegation clause by reference to the AAA "Consumer Arbitration Rules in effect at the time the arbitration is commenced" and by claiming the language that "any and all claims or disputes" is a clear delegation.

SUPPLEMENTAL OPPOSITION TO
MOTION TO COMPEL ARBITRATION
(2:22-cv-01805-LK)

3

HERMAN JONES LLP
15113 Washington Ave. NE
Bainbridge Island, WA 98110
Tel: 206-819-0821

First, as with Mr. Polhill, reference to the AAA Consumer Arbitration Rules in an adhesion contract with a consumer does not constitute a clear and unmistakable delegation of arbitrability. *See* Opp. at 16-17; *cf. Moreno v. T-Mobile USA, Inc.*, No. 2:22-CV-00843-JHC, 2023 WL 401913, at *5 n.2 (W.D. Wash. Jan. 25, 2023) (finding "contracts at issue have no express delegation provisions" and doubting that incorporation of AAA Rules suffices to delegate arbitrability but finding that issue conceded by plaintiff).

Second, "silence or ambiguity" about *who* decides arbitrability cannot overcome the presumption that the Court decides. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *see also Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 69 n.1 (2010) (describing this "heightened standard"). Language providing for arbitration of "any and all claims or disputes" is not enough to "clearly and unmistakably" delegate arbitrability for issues like the validity of the arbitration agreement. Defendant does not cite a single federal case finding the "any and all claims or disputes" language on the face of the T-Mobile T&Cs is a "clear and unmistakable" delegation of arbitrability. The two cases cited in the Motion to Compel Arbitration did not rely upon language like "any and all claims or disputes" but on reference to the AAA Commercial Rules in an employment contract and language that is not in the T-Mobile T&Cs. *See Naveja v. Primerica, Inc.*, No. 220CV01298MCEKJN, 2021 WL 1961761, at *6 (E.D. Cal. May 17, 2021) (employment agreement incorporated AAA Commercial rules); *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011) (quoting, with emphasis added by the Ninth Circuit, an investment agreement stating that a dispute about "*the validity or application of this [dispute resolution provision] . . . shall be resolved exclusively by binding arbitration*").

Moreover, while Plaintiffs contend there is no delegation of arbitrability in the T-Mobile T&Cs, T-Mobile does not even attempt to show how the arbitration clause clearly and unmistakably delegates arbitrability for a non-signatory such as Ms. Bennett. In fact, one of the cases cited by T-Mobile's held that "the issue of whether a non-signatory may be compelled to arbitrate is for the Court to decide." *Mobile Real Est., LLC v. NewPoint Media Grp.*, LLC, 460 F. Supp. 3d 457, 479 (S.D.N.Y. 2020).

Third, even if reference to the AAA Consumer Rules were enough in a contract with a consumer, the arbitrator does not always get to decide arbitrability under the T-Mobile T&Cs because of other provisions. Any delegation found on the AAA's website is undermined, and at best rendered unclear, by a carve-out curtailing the arbitrator's jurisdiction. T-Mobile reserves the right to, after reviewing the roster of prospective arbitrators, take away the arbitrator and send a consumer's case to small claims court. *See* Second Declaration of Christopher Muzio, Ex. P. ECF No. 27-5 at 6 ("T-Mobile T&Cs") ("If the claims asserted in any request or demand for arbitration could have been brought in small claims court, then either you or we may elect to have the claims heard in small claims court, rather than in arbitration, at any time before the arbitrator is appointed, by notifying the other party of that election in writing.").

Finally, as with Mr. Polhill, even if there were a delegation clause found in the AAA Rules, such an arbitration agreement would be procedurally and substantively unconscionable. *See* Opp. at 18-19.

**B.     The arbitration clause cited for Ms. Bennett is unconscionable.**

The arbitration clause Defendant produced for Ms. Bennett is procedurally and substantively unconscionable for the same reasons as the arbitration clause in the Metro T&Cs: the arbitration clause is a contract of adhesion that gives T-Mobile a 60-day "free peek" at the consumer's claim without tolling the limitation period. *See* Opp. at 14-16; *see also Brennan v. Bally Total Fitness*, 198 F. Supp. 2d 377, 381 (S.D.N.Y. 2002) (explaining "flexible" approach to procedural and substantive unconscionability under New York law). Additionally, it is unconscionable that T-Mobile can unilaterally change the arbitration agreement "at any time," including during the 60-day period when T-Mobile gets to see the consumer's claim. *See* T-Mobile T&Cs at 20; *Bally*, 198 F. Supp. 2d at 384 (finding unconscionable provision that gave the stronger party the right to unilaterally modify the contract).

But the T-Mobile T&Cs are also unconscionable for additional reasons. The T-Mobile T&Cs give T-Mobile the right to force the consumer to re-file his action in small claims court before an arbitrator is appointed. *See* T-Mobile T&Cs at 6. In other words, after T-Mobile sees

SUPPLEMENTAL OPPOSITION TO
MOTION TO COMPEL ARBITRATION
(2:22-cv-01805-LK)

5

HERMAN JONES LLP
15113 Washington Ave. NE
Bainbridge Island, WA 98110
Tel: 206-819-0821

the consumer's claim and after T-Mobile sees the roster of potential arbitrators, it can force the consumer to re-file his or her claim in small claims court, which could require the consumer to pay a filing fee.  Even worse, T-Mobile can force the consumer to litigate the small claims case in an inconvenient forum if the "billing address in [T-Mobile's] records" is a prior residence or the residence of someone other than the consumer bringing the claim.  *Id.* at 30.  This forum and judge shopping distinctly favors T-Mobile.

Also, the T-Mobile T&Cs unconscionably limit the arbitrator's power to award damages against T-Mobile.  The T-Mobile T&Cs limit liability for any negligence by T-Mobile and provide that the signatory-consumer will "defend, indemnify, and hold us and our directors, officers, and employees harmless from any claims arising out of use of the Service or Devices, breach of the Agreement, or violation of any laws or regulations or the rights of any third party by you, any person on your account, or any person you allow to use the Services or your Device."  *Id.* at 32.  This extreme limitation of liability extends to even gross negligence and is one-sided, making the agreement unconscionable.  *See Kalisch-Jarcho, Inc. v. City of New York*, 58 N.Y.2d 377, 384 (1983).

C.  **The arbitration clause in the T-Mobile T&Cs does not cover Ms. Bennett's claims.**

T-Mobile's Motion to Compel Arbitration separately fails because the arbitration agreement does not cover claims by non-signatories such as Ms. Bennett.  "[A] court may not devise novel rules to favor arbitration," but must treat arbitration clauses like other contracts.  *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022).  The T-Mobile T&Cs do not require arbitration of claims brought by non-signatories against T-Mobile.  The arbitration clause mandates arbitration of "ALL CLAIMS OR DISPUTES IN ANY WAY RELATED TO OR CONCERNING THE AGREEMENT, OUR PRIVACY POLICY, OUR SERVICES, DEVICES OR PRODUCTS, INCLUDING ANY BILLING DISPUTES."  *See* T-Mobile T&Cs at 16.

T-Mobile concedes Ms. Bennett is not a signatory to the T-Mobile T&Cs.  And the defined terms above do not cover services to someone other than the signatory.  To give but a few

SUPPLEMENTAL OPPOSITION TO
MOTION TO COMPEL ARBITRATION
(2:22-cv-01805-LK)

6

HERMAN JONES LLP
15113 Washington Ave. NE
Bainbridge Island, WA 98110
Tel: 206-819-0821

examples, "'[a]greement' includes these T&Cs, the additional terms found in ***your*** Rate Plan, ***your*** Data Plan, ***your*** Service Agreement, and provisions linked to from these T&Cs." *Id.* at 4 (emphasis added). "Services" is defined as "T-Mobile services provided to [the agreement signatory]." *Id.* at 3. "Device" is similarly defined exclusively in connection with the agreement signatory; it refers to "any equipment for which [T-Mobile] provide[s] Service." *Id.* at 4.

Simply put, Ms. Bennett is neither a "you" nor a "we" who has the right to begin arbitration or enforce the arbitration clause. *See id.* at 6; *Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1171 (11th Cir. 2011) (rejecting third party beneficiary theory where arbitration clause only granted "you" or "we" the right to elect arbitration). Thus, Ms. Bennett's claims are not covered by the arbitration clause in the T-Mobile T&Cs. *See Calderon v. Sixt Rent a Car, LLC*, 5 F.4th 1204, 1209 (11th Cir. 2021) (holding "any services or products provided" language in Orbitz agreement did not cover services non-signatory rental car company provided to consumer).

Moreover, "[c]ourts are obliged to interpret a contract so as to give meaning to all of its terms." *See Mionis v. Bank Julius Baer & Co.*, 749 N.Y.S.2d 497, 502 (2002) (reversing order compelling arbitration). Other language in the T-Mobile T&Cs confirms arbitration is only mandatory for "disputes between us," *i.e.* disputes between the agreement signatory and T-Mobile, and when "you also assert claims against us . . . ." *Id.* at 2. And there was no way for a non-signatory like Ms. Bennett to opt-out of the arbitration agreement because the arbitration agreement does not contemplate her being bound by it. *See* T-Mobile T&Cs at 5 (giving only the signatory the option to opt out and linking to www.T-Mobiledisputeresolution.com, which states that "You must be the account holder to submit an opt out request.")

The *Britton* case cited by Defendant presents a slightly different situation and, if anything, supports denying Defendant's motion. In *Britton*, the Ninth Circuit held a non-signatory could not compel arbitration under a contract. *Britton v. Co-op Banking Grp.*, 4 F.3d 742, 748 (9th Cir. 1993). And the language the Court found to have "the broadest possible arbitration coverage" is different than the language here because the T-Mobile T&Cs refer to "you" and "we" as well as use narrowly defined terms. *See id.* at 745.

Because the arbitration clause does not cover claims brought by Ms. Bennett, the Court need not reach Defendant's third-party beneficiary and equitable estoppel arguments. *See Calderon*, 5 F.4th at 1214 n.7. But even if the contract covered Ms. Bennett's claims, the third-party beneficiary theory separately fails based on the express terms of the contract and as a matter of law. First, the T-Mobile T&Cs expressly provide that "You can't assign or transfer the Agreement or any of your rights or duties under it without our written consent." T-Mobile T&Cs at 31. Second, as a legal matter, "[a] third party beneficiary might in certain circumstances have the power to sue under a contract; it certainly cannot be *bound* to a contract that it did not sign or otherwise assent to." *See Comer v. Micor*, 436 F.3d 1098, 1102 (9th Cir. 2006).

### D. By participating in a judicial proceeding on a class-wide basis, T-Mobile waived its right to enforce the arbitration clause.

As with Mr. Polhill, T-Mobile seeks to enforce contract provisions that it has waived in other litigation where it was convenient for T-Mobile to do so. *See* Opp. at 19-20.

### III. CONCLUSION

For all the foregoing reasons and the reasons in Plaintiff's Opposition to Defendant's Motion to Compel Arbitration, Defendant's motion to compel arbitration should be denied.

Dated: June 6, 2023.

Respectfully submitted,

I certify that this memorandum contains 2078 words, in compliance with the Local Civil Rules.

*/s/ Gregory F. Wesner*
Gregory F. Wesner, WSBA No. 30241

HERMAN JONES LLP
15113 Washington Ave NE
Bainbridge Island, WA 98110
Tel.: (206) 819-0821
gwesner@hermanjones.com

SUPPLEMENTAL OPPOSITION TO
MOTION TO COMPEL ARBITRATION
(2:22-cv-01805-LK)

8

HERMAN JONES LLP
15113 Washington Ave. NE
Bainbridge Island, WA 98110
Tel: 206-819-0821

John C. Herman
(*to seek admission pro hac vice*)
HERMAN JONES LLP
3424 Peachtree Road NE
Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501
jherman@hermanjones.com

*Attorneys for Plaintiffs*

SUPPLEMENTAL OPPOSITION TO
MOTION TO COMPEL ARBITRATION
(2:22-cv-01805-LK)

9

HERMAN JONES LLP
15113 Washington Ave. NE
Bainbridge Island, WA 98110
Tel: 206-819-0821